NEW JERSEY & N. C. LAND & LUMBER CO. v. GARDNER-LACY LUMBER CO. et al.

(Circuit Court, E. D. North Carolina. February 11, 1902.)

1. TRESPASS—REMOVAL OF TIMBER—PRELIMINARY INJUNCTION.

Where a bill to remove cloud and enjoin trespass on land, on which a temporary restraining order is issued, is against numerous defendants, with a diversity of interest, some of whom do not answer, it will be taken pro confesso, and the restraining order continued to the hearing, as to the defendants not answering.

2. SAME—VACATION.

Where a complaint against numerous defendants seeks, in equity, to establish title, remove cloud, and enjoin trespasses on land, and a defendant in possession of part of the land traverses complainant's title, denies all allegations of trespass, and sets up an apparently good title, thus raising issues of law, which must be tried in an action of ejectment, the court will direct a temporary restraining order vacated, unless proper steps are taken within 10 days for the trial of defendants' right to retain possession.

3. SAME.

Where a defendant in a suit in equity to establish title, remove cloud, and enjoin trespasses on land, claims title, and avers that it has established, in good faith, lumbering works on the land, at great expense, and has in preparation for market quantities of timber, which will cause it great loss if not immediately prepared for commerce, the court will dissolve a temporary restraining order on such defendant giving bond conditioned that, if so required, it will account to complainant for timber used from the land, and further direct such order vacated unless complainant within 20 days formulate issues for the trial of the title to the lands by a jury.

In Equity.

Meares & Ruark, for plaintiff.
John D. Bellamy and George Rountree, for defendants.

PURNELL, District Judge. Plaintiff filed its bill in equity against numerous defendants, and a restraining order was granted, returnable on the rule day in February, 1902. The bill alleges: Complainant is a corporation created and existing under the laws of New Jersey. That the Gardner-Lacy Company is a corporation created and existing under the laws of South Carolina, having a place of business in Brunswick county, N. C., and that the numerous other defendants are citizens of North Carolina. That the

state of North Carolina in 1795 granted to Benjamin Rowell, Stephen Williams, and Wm. Collins certain lands in North Carolina, and complainant is the owner in fee, seised and in possession, of the land described in said grants. Muniments of title, surveys, and acts of the legislature are set out at length. That complainant has for 30 years had possession of said land, except some small tracts (which are not described), moving trespassers therefrom, paying taxes thereon, etc. That defendants have filed entries on parts of said land, trespassed thereon, cut timber (which is the chief value of the lands to plaintiff), and caused irreparable damage and depreciation of complainant's interests. That to establish complainant's rights would involve it in a multiplicity of suits, endless litigation, delay, and irreparable damage; and it seeks this remedy to establish its title, remove all clouds, and enjoin trespassers in one action. That while complainant is informed as to the location of its own lines and boundaries (which are not set out in the bill, but appear in the grants and plots attached), and the fact of defendants and others trespassing and committing acts of spoliation within its boundaries, it has been unable to ascertain the particular grants and deeds, if any, under which defendants pretend to justify and defend, and defendants, in equity and good conscience, should be required to disclose fully and completely the grants, entries, claims, or deeds under which they claim the right to trespass upon the said lands, cutting and removing timber therefrom; and defendants cannot show any superior title to complainant. That said lands are assessed for taxes in complainant's name at $61,000. Then follow the prayers for relief. A temporary restraining order was granted, returnable on the rule day in February, 1902. The subpœna, bill, and restraining order were returned served on 58 of the defendants (naming them) when the questions involved were heard; counsel appearing on both sides.

Upon an examination of the record, it appears Mrs. N. J. Schulken, one of the defendants, filed an answer January 31st in which she denies the title of complainant to parts of the land referred to, sets out her muniments of title thereto, and raises issues of fact which constitute an apparently good defense at law. A court of equity cannot try these issues. This defendant also denies any trespass or cutting of timber,—in short, sets up defenses upon an apparently good legal title, which must be tried by a jury on the law side of the docket. To the rule to show cause she makes no specific answer, but her answer is considered in this connection, having been filed before the return day. On the return day the Gardner-Lacy Company answered with many affidavits, and demurred ore tenus to the bill. This defendant claims to be the owner in fee of certain tracts,—the Burnice Little tract (80 acres), the Elijah Little tract, the Nathan Little tract, the Formyduval tract, the Narlow and Williams tract, the Samuel Evans tract (100 acres), and the Noah Williamson tract, of 100 acres, of which it and those under whom it claims have for more than seven years been in open, notorious, continuous, and exclusive possession under color of title. It claims the timber interests on all these lands; has established a

lumbering camp, and constructed a tramway, with iron rails, engine, and logging outfit; five or six miles long, and prepared timber for market in ways described; some rafted, some cut down, and other trees belted preparatory to being felled. On the same day (being the return day) this defendant demurred to the bill, which demurrer will be more properly considered on the hearing on the next rule day. Other defendants do not answer the rule, and the bill may, for the present, be taken pro confesso as to them. At the hearing many questions will doubtless be presented which it would be premature to consider now, and which the court has no intention or disposition to even consider at this time.

The only question for consideration at this time is, shall the restraining order be continued to the hearing? It is only when complainant in his bill alleges a joint liability or community of interests that the answer of one defendant will inure to the benefit of other defendants. Bates, Fed. Eq. Proc. 330, and authorities cited. Here there seems to be no community, but a great diversity, of interests, on the part of the defendants, and diverse defenses. Hence the defenses set up by Mrs. Schulken and the Gardner-Lacy Company do not affect the other defendants, except in so far as other defendants are connected with such defenses. As to other defendants, the bill is taken pro confesso, and the injunction continued to the hearing.

Mrs. N. J. Schulken traverses the title of complainant, denies all allegations of trespass, alleges she is not cutting and has not cut timbers, and sets up an apparent good title in herself. Issues are thus raised which must be tried by a jury on the law side of the docket. She is in possession of a part of the land, claiming title thereto, and her right to retain such possession must be tried in an action or issues formulated in the form of an action of ejectment. This cannot be done on the equity side of the docket. As against her, the bill does not set up such equities as entitle complainant to injunctive relief, unless such action of ejectment is commenced at once, as soon as her defense is disclosed; and, unless proper steps to this end are taken within 10 days, the restraining order will be vacated as to the defendant N. J. Schulken. This order is entered on an examination of the record ex mero motu.

One of the principal objects of the bill, as said in Dick v. Foraker, 155 U. S. 405-415, 15 Sup. Ct. 124, 39 L. Ed. 201, and Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52, being to remove clouds on and quiet title, it has served its purpose and accomplished its end as to that part of the land claimed by the Gardner-Lacy Company, which discloses an apparently good title, with the boundaries of the land claimed by this defendant. Defendant discloses its muniments of title; also that it has timbers in different stages of preparation for market, and great loss will be suffered if the same is not prepared for commerce within a reasonable time. Timber belted preparatory to being felled or that cut, on the ground or in the water, if left standing, lying, or floating, and not utilized when in proper condition, becomes worthless for commercial purposes. To effect this end by injunction would

be inequitable, and serve the contrary of the primary object of a court of conscience and equity,—a loss to all parties concerned. This the court will not do. It is not equity. Defendant sets up an apparently good title. It has erected its works at considerable expense,—evidently in good faith, depending on its title. To tie up its enterprise by injunction after these disclosures would smack of oppression, not equity. Complainant has its rights. Defendant also has rights. The court will preserve both. The traversed allegations in the bill will be tried by a jury, being the usual questions in actions of ejectment,—is the complainant the owner and entitled to the possession of the land, the boundaries of which are now known? etc. In the meantime, if complainant shows its good faith by taking steps to test its claim, the interests of the parties as they appear will be protected and preserved. The test should be made in a reasonable time. Under the circumstances, the law's delay would be an injustice. A consideration of the questions of law and equity discussed on the hearing has been purposely avoided, lest their consideration at this time should, when the contentions, rights, and equities of the parties are more fully disclosed, embarrass the parties or the court by a premature consideration or discussion. The final hearing will probably be had within the next 60 days, when these questions can more intelligently be considered and determined.

It is therefore considered, ordered, and adjudged that as to the Gardner-Lacy Lumber Company the restraining order heretofore granted be, and the same is hereby, modified and dissolved, on the said Gardner-Lacy Company entering into bond, in the sum of $10,000, conditioned that it shall, if so required by order of this court, account to complainant and pay for such timbers as it shall cut and use from the land claimed by, or of which it shall be adjudged by the court, the New Jersey & North Carolina Land & Lumber Company was and is the owner and entitled to the possession. Said restraining order is continued in full force and effect as to lands claimed by complainant, and not included within the boundaries of the land to which the Gardner-Lacy Company claims title. It is further ordered that, unless the New Jersey & North Carolina Land & Lumber Company shall within 20 days from the entering of this order formulate issues and take steps to have its title to said land claimed by the Gardner-Lacy Lumber Company tried by a jury, the said restraining order heretofore granted herein shall be, and the same is hereby, vacated and dissolved. And this cause is held for further order.