NEW JERSEY & N. C. LAND & LUMBER CO. v. GARDNER LACY LUMBER CO. et al.

(Circuit Court, E. D. North Carolina. January 22, 1908.)

EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.

    A bill in equity cannot be maintained to establish title to and recover possession of lands against a number of defendants, each in possession of and claiming title to a different part of such lands, on the ground of avoiding a multiplicity of suits, or because an accounting for timber cut is prayed for; the remedy at law by ejectment being adequate.

In Equity. On motion by defendants to dismiss.

Iredell Meares, for complainant.
J. D. Bellamy and Geo. Rountree, for defendants.

PURNELL, District Judge. The complainant filed a bill claiming to be the owner in fee and entitled to the immediate possession of a large tract or tracts of land lying in Brunswick and Columbus counties, of which the defendants, over 100 in number, wrongfully withhold possession. Attention being directed to the possibility that this was more properly an action of ejectment, which should be on the law side of the docket, complainant insists a court of equity has jurisdiction on three grounds: First, to avoid a multiplicity of suits; second, because an account is asked of timber cut; and, third, to remove trespassers. Defendants now move, after many years, to dismiss the bill for want of jurisdiction in this court. An opinion was filed (113 Fed. 395), dated February 11, 1902, and since then the case has not been before the court in a shape or upon a motion to be disposed of. The directions and suggestions in the opinion referred to have not been complied with. The issues of fact arising out of chancery have not been submitted to a jury, and no effort has been made in this behalf, save at one term of the court, when complainant preferred not to try these issues of fact and defeated such efforts. Now, after six years, a motion to dismiss the bill is entered and argued.

The principal object of the bill is to recover land from defendants, as said in the opinion referred to. Two of the principal defendants set up adverse claim of title, and in the case of Mrs. Schulkin a consent decree has been entered adjudging her the owner in fee and entitled to the possession of the land claimed by her. As to her this was simply an action of ejectment, which has resulted in a judgment or decree by consent in her favor. If the answer setting up title in behalf of the Gardner Lacy Company be true, it is the same as to this defendant. There can be no multiplicity of suits, no right to an accounting, no cloud on title to be removed, no want of an adequate legal remedy, and nothing in the bill that could or would give a court of equity jurisdiction.

The jurisdiction of the courts of the United States is derived alone from the Constitution and laws of the United States, and cannot be enlarged, diminished, or affected by state laws or regulations. The local laws of a state can only furnish rules of property to ascertain the rights of the parties, and thus assist in the administration of the

proper remedies where the jurisdiction is vested by the laws of the United States. This jurisdiction is strictly statutory. Rev. St. § 629 (U. S. Comp. St. 1901, p. 503), as amended March 3, 1887, and corrected August 13, 1888. Unless it affirmatively appears on the face of the record, the bill should be dismissed ex mero motu, if necessary. In the suit at bar the substance is an action of ejectment to recover land, and the other remedies or relief asked for is subsidiary—ancillary to the main purpose. Title should be established first before complainant is entitled to an accounting, etc. It seems there is an adequate and complete remedy at law, and the jurisdiction of a court of equity should not have been invoked.

It is therefore considered, ordered and decreed that the bill herein be dismissed and complainant take nothing. Defendants go without day and recover their costs. It is so ordered.